# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2020

Lyle W. Cayce
Clerk

No. 19-20305
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MARGARITO ZARATE-HERNANDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:18-CR-562-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Margarito Zarate-Hernandez pleaded guilty of illegal reentry. The plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20305

was conditional, reserving the right to challenge the denial of a motion to dismiss the indictment. On appeal, Zarate-Hernandez reiterates his argument that the immigration court in his initial removal proceeding never acquired jurisdiction because his notice to appear failed to specify a date and time of hearing. As a result, he contends, the removal order is void, which left the government unable to prove an essential element of the offense. As to 8 U.S.C. § 1326(d), which limits an alien's ability to attack a removal order collaterally, Zarate-Hernandez asserts that it poses no obstacle because his challenge is jurisdictional in nature and because, given the state of the law at the time of his initial removal proceeding, he is excused from meeting the requirements of § 1326(d)(1) and (2).

Zarate-Hernandez concedes that these arguments are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and for the most part we agree. There too the defendant argued that failure to include date-and-time information in a notice to appear is a jurisdictional defect, and we found that argument to be both without merit and barred by § 1326(d) for failure to exhaust. *Pedroza-Rocha*, 933 F.3d at 496−98. Zarate-Hernandez's identical and similarly un-exhausted jurisdictional argument must accordingly fail for the same reasons.

*Pedroza-Rocha* does not speak to Zarate-Hernandez's contention that he can escape the strictures of § 1326(d)(1) and (2) under a "futility" exception, but other authority shows that theory to be unavailing. An alien "must prove all three prongs" of § 1326(d) to challenge a prior removal order. *United States v. Cordova-Soto*, 804 F.3d 714, 719 (5th Cir. 2015). In claiming fundamental unfairness under the third prong of § 1326(d), Zarate-Hernandez relies solely on the jurisdictional argument that *Pedroza-Rocha* foreclosed. Any argument as to prongs one and two is therefore moot. *See United States v. Mendoza-*

*Mata*, 322 F.3d 829, 832 (5th Cir. 2003) ("If the alien fails to establish one prong of the three part test, the Court need not consider the others.").

For the foregoing reasons, we DENY the government's motion for summary affirmance, DENY as unnecessary its alternative motion for an extension of time to file a brief, and AFFIRM the judgment.